95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter L. BAUMGARDNER, Appellant,
v.
HUNTINGTON ENERGY CORPORATION, Appellee.
 No. 95-1175.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1996.
 
 Before: LIVELY, KENNEDY, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Walter L. Baumgardner appeals the district court's sanctions against him in the amount of $3374.60 for repetitive filings with the court. This court AFFIRMS.
 
 
 2
 This case initially grew out of a Chapter 11 bankruptcy proceeding. The case was withdrawn from bankruptcy court, and an assortment of claims and counter-claims were subsequently brought before the district court. Bringing the various claims were Huntington Energy Corporation ("Huntington"), which drills and operates natural gas wells in Kentucky and Tennessee, various drilling investment programs formed either as joint ventures or general partnerships, and individual investors in the joint-venture programs. Interpreting the complicated contractual agreements between Huntington and the investment programs, the district court, on March 16, 1994, stayed the proceedings and compelled the parties to arbitration.
 
 
 3
 On March 30, 1994, Baumgardner, counsel for the separate investment programs, filed a response with the court on the basis of arguments specifically rejected by the court in its March 16 order. After giving Baumgardner an opportunity to explain his actions, the district court sanctioned him on June 23, 1994, requiring him to pay attorney fees and costs in the amount of $3374.60 to Huntington.
 
 
 4
 The district court noted that the June 23, 1994 imposition of sanctions "stemmed from Baumgardner's frustrating reassertion of arguments which this Court already had rejected specifically." The court went on: "That imposition of sanctions did not implicate the merits of issues currently destined for arbitration: Baumgardner was sanctioned for needlessly reasserting previously rejected arguments, not because he asserted a frivolous argument for the first time."
 
 
 5
 Baumgardner concedes that the standard of review for sanctions imposed pursuant to Federal Rule of Civil Procedure 11 is abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). Baumgardner asserts that he had a basis in fact for his response because no contract existed between the joint ventures and Huntington from which an arbitration provision could be enforced. Baumgardner misses the point: sanctions were not imposed because the court found the initial argument--that there was not an agreement between the parties--frivolous. The district court explicitly made clear that it was the repeat of this argument made in blatant disregard of the court's ruling that triggered the order for sanctions.
 
 
 6
 The district court had forewarned the parties that it would not tolerate any further motions not grounded in fact or law. In December 1993 and February 1994, Baumgardner twice briefed the court that no contract existed between his clients and Huntington and therefore no duty to arbitrate existed. The court made its decision on March 16 that a contract did exist and the arbitration provision could be enforced. Instead of asking the court to reconsider its March 16 order, Baumgardner inexplicably reasserted the same argument on March 30 as a response to Huntington's February 28 motion.
 
 
 7
 The district court, as required in Palmer v. Nationwide Mut. Ins. Co., 945 F.2d 1371, 1377 (6th Cir.1991), supported the sanctions award. The court offered Baumgardner ample opportunity to respond to the sanctions issue. The court did not abuse its discretion.
 
 
 8
 AFFIRMED.